IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIAMOND WILLIAMS-DORSEY, | CASE NO. 1:23-CV-02331-CEH |
| Plaintiff, | CARMEN E. HENDERSON |
| | UNITED STATES MAGISTRATE JUDGE |
| v. | |
| | MEMORANDUM OF OPINION & ORDER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant, | |

**I. Introduction**

Diamond Williams-Dorsey, on behalf of minor D.B ("Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying Claimant's application for Child's Supplemental Security Income ("SSI"). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 5). For the reasons set forth below, the Court AFFIRMS the Commissioner of Social Security's final decision and DISMISSES Plaintiff's Complaint.

**II. Procedural History**

On November 12, 2021, Williams-Dorsey, on behalf of Claimant, filed an application for SSI, alleging a disability onset date of September 1, 2021. (ECF No. 8, PageID #: 31). The application was denied initially and upon reconsideration, and Williams-Dorsey requested a hearing before an administrative law judge ("ALJ"). (*Id.*). On June 21, 2023, an ALJ held a hearing, during which Claimant was represented by counsel and Williams-Dorsey testified. (*Id.*). On August 9, 2023, the ALJ issued a written decision finding Claimant was not disabled. (*Id.* at

1

PageID #: 31-38). The ALJ's decision became final on October 23, 2023, when the Appeals Council declined further review. (*Id.* at PageID #: 22).

On December 7, 2023, Williams-Dorsey filed her Complaint to challenge the Commissioner's final decision. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 9, 11). Williams-Dorsey asserts the following assignments of error:

> (1) The ALJ erred in her evaluation of the opinion of Dr. Koricke when assessing the domain of attending and completing tasks.
>
> (2) The ALJ's determination rejecting a marked limitation in the domain of attending and completing tasks was not supported by the weight of the evidence.

(ECF No. 9 at 14, 18).

## III. Background

### A. Relevant Hearing Testimony

The ALJ summarized the relevant testimony from Claimant's hearing:

> The claimant, through her mother, Diamond Williams, alleges a combination of severe impairments affects her ability to engage in regular activity as peers her age. Counsel for the claimant testified that the claimant has significant difficulty acquiring and using information due to her ADHD. Counsel further noted that the claimant has difficulty attending and completing tasks as her peers. (Hearing Testimony). The claimant's mother testified that the claimant was not on medication to manage her ADHD due to the side effects from her medication. Moreover, the claimant's mother noted that no treating source had recommended the claimant be placed on medication for her ADHD. According to the claimant's mother, the claimant also suffers from anxiety. She has difficulty taking information in a school setting and she is below level when compared with her peers. At home, she has difficulty completing tasks such as cleaning her room. She often gets frustrated and pull out her own hair. She has a difficult time with instructions. According to the claimant's mother, the claimant must be frequently redirected to complete tasks at home. The claimant has an Individualized Education Plan ("IEP"), which directs that she be provided specialized care in the school setting to help improve her academics. As for her anxiety, the claimant's mother provides that she becomes irritable and frustrated when she is unable to understand certain concepts. The claimant receives assistance through a counselor, who helps her with her anxiety, and other social and emotional skills. (Hearing Testimony).

(ECF No. 8, PageID #: 34).

### B. Relevant Medical Evidence

The ALJ also summarized Claimant's health records and symptoms in support of her decision:

> Turning first to the claimant's ability to understand, remember, and apply information, the evidence at large establishes marked limitations in this functioning domain. Here, in March 2022, the Cleveland Municipal School District evaluation team identified that the claimant was eligible for special education and related services under the category of specific learning disability. (Ex. 1F). This meant that the claimant's ability to understand or use language, spoken or written, was affected, as well as her ability to listen, read, write, spell, or do mathematics. It was determined that the claimant would benefit from specially designed instructions. (Ex. 1F/48). In making this determination, the claimant's school administrator and psychologists assessed her with the Kaufman Test of Educational Achievement. There, the claimant scored "below average" or "very low range," in the reading composite, reading comprehension, and math domains. (Ex. 1F/50-55). It was noted that she had "extreme difficulty" understanding phonological segments and "significant difficulty" synthesizing sounds to form words. (Ex. 1F/54). Similarly, other treatment notes noted that the claimant's generalized anxiety disorder caused irritability, intermittent inattention, and difficulty with sleep. (Ex. 4F/9 – difficulty remaining focused; Ex. 3F/9, 24 difficulty calming down and falling asleep; Ex. 3F/29 – difficulty focusing on a story read by a therapist). The evidence therefore supports marked limitations in this functioning domain.
>
> In interacting with others, the claimant does not exhibit any signs of limitations. In particular, in multiple evaluations and assessments, it was document that the claimant has friends and enjoys being in school. (Ex. 4F/9, 24). In a consultative exam, it was noted that the claimant is not physical with other children but enjoys playing sports games with friends. The mother of the claimant also denied any behavioral problems in the home setting. (Ex. 11F/8). Medical and educational sources also described the claimant as pleasant during her evaluations. (Ex. 14F/56; Ex. 22F/10 "she was pleasant and cooperative during testing;" Ex. 11F/6 "the child was pleasant and cooperative. She had good attitude").
>
> The claimant exhibits moderate limitations in concentrating, persisting, or maintaining pace. The claimant demonstrates moderate effects in her ability to maintain focus for the completion of tasks. This is according to the testimony provided by the claimant's mother during the hearing. (Hearing Testimony). Moreover, as noted above, her ability to understand or use language, spoken or written, was adversely impacted, in addition to her ability to listen, read, write, spell, or do mathematics. (Ex. 19F/15; Ex. 22F/4 – low performance in both mathematics and writing). It was determined that the claimant would benefit from specially designed instructions. (Ex. 1F/48). However, in contrast, a June 2022

consultative examination noted that the claimant's attention and concentration were not seen as major factors in her functioning limitations. (Ex. 11F/7). Therefore, the evidence supports no more than moderate limitations in this domain.

The claimant demonstrates moderate limitations in her ability to adapt or manage herself. While the claimant has not been placed on medication for her ADHD and other mental impairments, she receives a specialized school curriculum based on her IEP findings. (Ex. 1F). The claimant also demonstrated poor judgment and insight during her mental health counseling sessions. (Ex. 14F/8). However, progress notes from Metro Health also showed that her performance on tasks during picture memory recognition improved over time. (Ex. 21F/6). Other assessments also reported her ongoing "significant improvement" in behavior with counseling. (Ex. 21F/16). The evidence as such supports moderate limitations in this domain.

. . . The undersigned acknowledges that the claimant's ADHD and anxiety are severe impairments. As noted above, her school records as well as treatment notes show functioning difficulties due to the claimant's psychiatric impairments. The claimant scored "below average" or "very low range," in the reading composite, reading comprehension, and math domains. (Ex. 1F/50-55). The claimant also shows signs of difficulty with her ability to maintain focus and attention. (See Ex. 4F/9 – difficulty remaining focused; Ex. 3F/9, 24 difficulty calming down and falling asleep; Ex. 3F/29 – difficulty focusing on a story read by a therapist). Yet, although severe, the claimant's treatment notes showed improvement of her overall health with counseling and therapy sessions. (Ex. 20F; Ex 22F – performance in mathematics is improving). She exhibited good engagement during her counseling sessions. (Ex. 19F/15). Counseling records also noted that she had made "good progress" in school in participating in learning and making friends. (Ex. 18F/1; 14F/44 "she felt 'happy' today because she had a good day at school;" Ex. 14F/38). The claimant also presented in a good mood during a session and was able to focus on tasks such as drawing fairly well. (Ex. 14F; Ex. 1F/6 "she has good attitude;" Ex. 12F; Ex. 3F/29 – adequate mood with congruent affect).

(ECF No. 8, PageID #: 35-36).

### C. Opinion Evidence at Issue

The ALJ considered multiple medical opinions but only the ALJ's treatment of Dr. Deborah Koricke's opinion is at issue in this appeal.

In June 2022, Dr. Koricke assessed Claimant and opined that Claimant was significantly below average per IQ testing, and thus experienced more difficulties than her same-age peers in acquiring and using information. (ECF No. 8, PageID #: 442). Dr. Koricke determined that

Claimant would have "significant difficulty" with regards to attending and completing tasks because of her cognitive issues. (*Id.*). Moreover, Dr. Koricke found that Claimant "interacts appropriately with others" and "engages in self-care about as well as most children her age." (*Id.*). Dr. Koricke's findings were based on observed behavior at the exam, school records, information from Williams-Dorsey, and medical records. (*Id.* at PageID #: 435-36).

## IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

1. The claimant was born on August 22, 2016. Therefore, she was a preschooler on November 12, 2021, the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since November 12, 2021, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).

3. The claimant has the following impairments: attention deficit hyperactivity disorder ("ADHD") and generalized anxiety disorder. (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

6. The undersigned finds that Claimant has not been disabled, as defined in the Social Security Act, since November 12, 2021, the date the application was filed (20 CFR 416.924(a)).

(ECF No. 8, PageID #: 32-33, 38).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g).

5

"[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

**B. Standard for Disability**

An individual under the age of eighteen is considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process for evaluating a child's disability claim. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *Id.* at § 416.924(b). Second, the ALJ must establish whether a claimant has a severe medically determinable impairment. *Id.* at § 416.924(c). Third, the ALJ must consider whether the claimant has an impairment or combination of impairments that meets or medically equals the listings. *Id.* at § 416.924(d). If a severe impairment does not meet or medically equal any listing, the ALJ must decide whether it results in limitations that functionally equal the listings. *Id.* at §

416.926a(a).

In determining whether an impairment or combination of impairments functionally equals the listings, the ALJ assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). In making this assessment, the ALJ compares how the claimant performs with the performance of children the same age who do not have an impairment. *Id.* at § 416.926a(b). To functionally equal the listings, the claimant's impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* at § 416.926a(d).

### C. Discussion

Claimant raises two issues on appeal, arguing that the ALJ erred by (1) failing to give appropriate weight to Dr. Koricke's medical opinion when assessing the domain of attending and completing tasks; and (2) rejecting a marked limitation in the domain of attending and completing tasks considering the weight of the evidence. (ECF No. 9 at 1). Claimant argues that the ALJ's failure to provide a logical bridge between Dr. Koricke's medical evidence and a finding of a less than marked limitation requires remand. (*Id.* at 14).

1. **The ALJ did not err in considering Dr. Koricke's medical opinion**.

First, Claimant challenges the ALJ's treatment of Dr. Koricke's medical opinion.

For claims filed after March 27, 2017, the regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 416.920c(a). Nevertheless, an ALJ must "articulate how [she] considered the medical opinions and prior administrative medical findings" in adjudicating a claim. *Id.* Medical source opinions are

7

evaluated using the factors listed in § 416.920c(c). The factors include supportability; consistency; the source's relationship with the claimant; the source's specialized area of practice, if any; and "other factors that tend to support or contradict a medical opinion." *Id.* at § 416.920c(c). The ALJ is required to explain how he considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss other factors. *Id.* at § 416.920c(b)(2). Under the regulations, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be" and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at § 416.920c(c).

      The ALJ summarized Dr. Koricke's findings as follows:

> In June 2022, Deborah Koricke, Ph.D., conducted an assessment and opined that the claimant is significantly below average per IQ testing, and consequently will have significantly more difficulties than would her same-age peers in acquiring and using information. She would have significant difficulty as compared with regards to attending and completing tasks because of her cognitive issues. The child interacts appropriately with others, and this is not a major problem at home or school. The child engages in self-care about as well as most children her age. The evaluation of supportability and consistency was based on the observed behavior at the exam, the child's school records, and exams by her therapist. The statement provided by Dr. Koricke is supported and consistent with the overall findings of the claim.

(ECF No. 8, PageID #: 37). The ALJ concluded that Claimant had marked limitations in acquiring and using information; less than a marked limitation in attending and completing tasks; and no limitations in the other areas of functioning. (*Id.* at PageID #: 36-37).

Claimant argues that the ALJ "failed to provide a logical bridge or explanation as to why she did not accept Dr. Koricke's opinion in her analysis of the domain of attending and completing tasks." (ECF No. 9 at 16). The Commissioner responds that Claimant "does not cite any authority suggesting that 'significant difficulty' is the same as 'marked,' and in any case, the ALJ was not required to adopt Dr. Koricke's opinion regardless of its persuasiveness." (ECF No. 11 at 13-14).

The Court finds no error in the ALJ's consideration of Dr. Koricke's opinion. An ALJ must articulate how persuasive she finds each medical opinion, usually based on the extent to which the opinion is supported by objective evidence and explanation, and the extent to which it is consistent with other evidence. *See* 20 C.F.R. § 416.920(c). In this case, the ALJ complied with this requirement, indicating that Dr. Koricke's evaluation of Claimant was consistent with and supported by the record. (ECF No. 8, PageID #: 37). As the Commissioner argues, it is not clear that Dr. Koricke's opinion that Claimant would have "significant difficulty" in attending and completing tasks equals a marked limitation in this area rather than the less than marked finding adopted by the ALJ. Regardless, "an ALJ is not required to adopt every limitation opined by a physician, even if she finds such an opinion persuasive." *Duma-Quigley v. Comm'r of Soc. Sec.*, No. 3:22CV 917, 2023 WL 3016861, at *4 (N.D. Ohio Apr. 20, 2023) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)). As discussed in the next section, the ALJ adequately explained her finding of less than a marked limitation in attending and completing tasks—including citing Dr. Koricke's own statement that "attention and concentration were not seen as major factors in her functioning limitations"—and substantial evidence supports this decision. (ECF No. 8, PageID #: 35; *see id.* at PageID #: 440).

The ALJ articulated how she considered Dr. Koricke's medical opinion and concluded that Dr. Koricke's evaluation was supported and consistent with the overall findings of the claim. (*Id.*

9

at PageID #: 37). Substantial evidence supports this decision such that the ALJ did not err in considering Dr. Koricke's medical opinion.

2. **The ALJ did not err in rejecting a marked limitation in the domain of attending and completing tasks.**

Claimant next argues that the ALJ's determination rejecting a marked limitation in the domain of attending and completing tasks was not supported by the weight of the evidence. (ECF No. 9 at 18). Claimant argues that in finding a less than marked limitation for this domain, the ALJ "did not address the medical evidence" supporting Claimant's attention problems. (*Id.* at 19-21).

The Commissioner responds that the ALJ sufficiently explained her reasoning and substantial evidence supports her conclusion. (ECF No. 11 at 5). The Commissioner argues that Claimant was easily redirectable after lapses in attention and was not advised to take medication for her issues, which supports the ALJ finding a less than marked limitation in attending and completing tasks. (*Id.* at 5-6). The Commissioner argues that while "[t]he ALJ might not have discussed every piece of evidence that suggested Plaintiff was prone to lapses in attention, . . . Plaintiff's argument still falls far short of showing that no reasonable mind could have agreed with the ALJ's findings." (*Id*. at 11).

The regulations state that a "marked" limitation exists when a person's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.92a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" *Id.* When making disability determinations, the ALJ must compare the whole child's functioning in all activities at home, school, and in their community to children of the same age without impairments. 20 C.F.R. § 416.926a(b). Pursuant to domain two—attending and completing tasks—a school-aged child is expected to focus their attention, "follow

10

directions," complete schoolwork, organize school materials, avoid careless mistakes, and "complete family chores." 20 C.F.R. § 416.926a(h)(2)(iv)).

The ALJ summarized the evidence she found relevant to this domain:

> The claimant exhibits moderate limitations in concentrating, persisting, or maintaining pace. The claimant demonstrates moderate effects in her ability to maintain focus for the completion of tasks. This is according to the testimony provided by the claimant's mother during the hearing. (Hearing Testimony). Moreover, as noted above, her ability to understand or use language, spoken or written, was adversely impacted, in addition to her ability to listen, read, write, spell, or do mathematics. (Ex. 19F/15; Ex. 22F/4 – low performance in both mathematics and writing). It was determined that the claimant would benefit from specially designed instructions. (Ex. 1F/48). However, in contrast, a June 2022 consultative examination noted that the claimant's attention and concentration were not seen as major factors in her functioning limitations. (Ex. 11F/7). Therefore, the evidence supports no more than moderate limitations in this domain.

(ECF No. 8, PageID #: 35). The ALJ further explained her finding that Claimant had less than a marked limitation in attending and completing tasks:

> The claimant's ADHD coupled with her anxiety affect her ability to attend and complete tasks. For instance, she often struggled to focus on one activity during her counseling sessions. (Ex. 18F/25; Ex. 14F/68; Ex. 15F/13 "has some difficulty focusing on story she asked therapist to read to her…"). However, counseling records also noted that the claimant had made progress focusing at school. (Ex. 14F/38). Other assessments also noted that while she was distracted by excitement at times, she was able to be redirected and would focus on the task at hand. (Ex. 14F/58; Ex. 18F/25).

(*Id.* at PageID #: 37).

Despite Dr. Koricke's finding that Claimant will have difficulty with attending and completing tasks, the record supports the ALJ's conclusion that Claimant has a less than marked limitation in this domain. The ALJ cited records indicating that Claimant "needs support to stay on task at times" and "became distracted easily." (ECF No. 8, PageID #: 652, 733). However, the ALJ also cited records indicating Claimant "made progress focusing at school" and was able to focus with redirection. (*Id.* at PageID #: 559, 579, 589). When a claimant's records indicate their

11

ability to attend to and complete tasks with assistance and firm redirection, such evidence supports the finding that Claimant's impairments do not seriously interfere with their "ability to independently initiate, sustain," attend to, or complete activities at school and home. *Dickerson ex rel. A.C. v. Comm'r of Soc. Sec*, No. 23-5718, 2024 WL 1134632, at *4 (6th Cir. March 15, 2024); *See Barnett ex rel. D.B. v. Comm'r of Soc. Sec.*, 573 F. App'x 461, 464 (6th Cir. 2014) (finding substantial evidence, including minor's ability to maintain attention when motivated, supported ALJ decision that minor had a less than marked limitation in attending and completing tasks). Thus, Claimant's ability to be redirected warrants a less than marked limitation in this domain. *Dickerson*, 2024 WL 1134632 at *4.

Therefore, the ALJ's conclusion finding the Claimant has a less than marked limitation in attending to and completing tasks is supported by substantial evidence. While Claimant may have weighed the evidence differently, it is not the role of this Court "to reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynold v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). Rather, because substantial evidence supports the ALJ's conclusion, the Court must defer to it, "even if there is substantial evidence that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

## VI. Conclusion

Based on the foregoing, the Court AFFIRMS the Administrative Law Judge's nondisability finding.

Dated: July 18, 2024

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE